

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Detroit Field Office

477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 226-4600
TTY (313) 226-7599
FAX (313) 226-2778

April 7, 2017

Frank Miller, Jr.
3770 Covington Rd.
South Euclid, OH 44121

Re: Frank Miller, Jr. v. University Hospitals Health System
Charge No: 532-2015-1700

Dear Mr. Miller:

This letter is sent to inform you that based upon the information set forth below, the EEOC has determined that the processing of your charge of discrimination will be discontinued. This decision was made due to the fact that it does not appear that continued investigation of the charge will uncover evidence to establish that a violation of the statutes occurred.

On May 22, 2015, you filed a charge of discrimination with the Cleveland Field Office of the EEOC in which you alleged that you were subjected to different terms and conditions of employment, discriminatory wages, denied promotion, denied hire, denied a reasonable accommodation and discharged, due to your race, sex, age, disability, and in retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII), the Age Discrimination in Employment Act of 1967, as amended (ADEA), the Americans with Disabilities Act of 1990, as amended (ADA) and the Equal Pay Act of 1963, as amended (EPA).

Through the Intake process you were provided with documentation that explained the EEOC's procedures to you. Pursuant to the EEOC's Priority Charge Handling Procedures (PCHP) the EEOC reserves the right and has the authority to discontinue and terminate the investigation of a charge at any time and for any reason. In other words, the EEOC has the authority to determine which charges we will investigate. Further, under the EEOC's Priority Charge Handling Procedures (PCHP) the EEOC can make resource based determinations and cease an investigation.

This casefile was transferred to the Detroit Field Office in December 2016. This month the Detroit Field Office Management Team reviewed your casefile and the information obtained from the Respondent. The information revealed the following:

1. There is insufficient evidence and information to establish that you were subjected to discrimination based on your race, sex, age, disability or in retaliation.

2. You allege that you were discriminatorily discharged, but the evidence reveals that your position was eliminated.

3. You also alleged racial harassment. Although you were not clear in your allegations, it appears that you were referring to HR VP Karen Sheppard telling you to stop helping "those/these people." While you may not have viewed this as appropriate and you may have viewed it as offensive, the legal standard for hostile work environment is severe or

pervasive. This remark would not rise to the Title VII legal standard for racial harassment. That may not seem fair or right, but it is the legal standard.

4. You alleged that you were denied a reasonable accommodation – Dragon Naturally Speaking for typing. There is no evidence that you needed this accommodation to perform the essential functions of your job.

5. You alleged that males and blacks were paid less than females and whites as administrative assistants. The Respondent provided information about 46 administrative assistants, including their pay, sex, race and age. There are only two males on the list. One is a new hire and therefore was paid the least. You were paid more than all but 7 administrative assistants, all of whom had more seniority than you or had better performance ratings. The information provided by the Respondent does not support your assertion you were subjected to discriminatory pay.

6. You alleged discriminatory hiring/promotion. However, of the 14 positions that you applied for, you were not minimally qualified for 7 of them, 1 position was cancelled, more qualified candidates were selected for 5 of the positions, and you interviewed poorly for the last position. You have not established that you were intentionally denied hire or promotion for a discriminatory reason.

7. You allege retaliation, but you do not provide any specific instances of employment harm linked to a complaint of employment discrimination. You have not provided discriminatory actions taken against you as a result of protected activity.

This information and evidence does not establish that you were discriminated against due to your race, sex, age, disability or in retaliation and the EEOC is unable to conclude that the statutes have been violated. When the information or evidence fails to meet a "more likely than not" standard, the EEOC has no choice but to dismiss the charge. Further, this dismissal does not state that the Respondent was in compliance with the statutes.

The Dismissal and Notice of Rights which you receive relating to your charge will allow you to proceed with your allegations in federal court, if you so desire. UPON RECEIPT OF THE DISMISSAL AND NOTICE OF RIGHTS IT IS IMPERATIVE THAT YOU FILE SUIT IN THE UNITED STATES DISTRICT COURT WITHIN NINETY (90) DAYS OF RECEIPT, FAILURE TO DO SO WILL RESULT IN YOUR LOSS OF RIGHT TO PROCEED IN COURT. An information sheet outlining your rights and filing procedures will accompany the Dismissal and Notice of Rights. The EEOC will take no further action regarding your charge of discrimination.

Sincerely,

Gail D. Cober
Field Director, Detroit EEOC

EEOC Form 161 (11/16)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Frank Miller, Jr.
3770 Covington Rd.
South Euclid, OH 44121

From: Detroit Field Office
477 Michigan Avenue
Room 865
Detroit, MI 48226

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No |
|---|---|---|
| 532-2015-01700 | Gail D. Cober, Director | (313) 226-3347 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Michelle Eisele,
District Director

4/11/17
(Date Mailed)

Enclosures(s)

cc: Tom Snowberger
Human Resources
UNIVERSITY HOSPITALS HEALTH SYSTEMS
11100 Euclid Ave.
Cleveland, OH 44106

Jane Reese
3605 Warrensville Center Rd.
Mail Stop MSC 9115
Shaker Heights, OH 44122

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA): The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- The limitations from the impairment no longer have to be severe or significant for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), "major life activities" now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- Only one major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, the beneficial effects of "mitigating measures" (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) are not considered in determining if the impairment substantially limits a major life activity.
- An impairment that is "episodic" (e.g., epilepsy, depression, multiple sclerosis) or "in remission" (e.g., cancer) is a disability if it would be substantially limiting when active.
- An impairment may be substantially limiting even though it lasts or is expected to last fewer than six months.

"Regarded as" coverage:
- An individual can meet the definition of disability if an employment action was taken because of an actual or perceived impairment (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.