UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK MILLER, JR., | ) | CASE NO. 1:17-cv-1433 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| UNIVERSITY HOSPITALS HEALTH SYSTEM, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by defendant University Hospitals Health System ("UHHS"), and defendants Steve Standley, Heather Harmon, Heidi Gartland, Debbie Rogers, Diane Miller, and Deborah L. Templin ("Individual Defendants")[1] (collectively, "defendants"). (Doc. No. 10 ["Mot."].) After being granted leave to file a very untimely response,[2] pro se plaintiff Frank Miller ("Miller") filed a document styled as "Motion in Objection to [Defendants'] Motion to Dismiss," which the Court construes as Miller's opposition to the motion to dismiss. (Doc. No. 14 ["Opp'n"].) The moving defendants filed a reply brief. (Doc. No. 15 ["Reply"].) Almost three weeks later, Miller filed a document styled as a

---

[1] There is another individual defendant -- Sally Namboodiri MD. The record does not reflect service of process on this defendant, who has never made an appearance, although there is a notation of a certified mail receipt returned, unsigned and with no delivery date. (*See* Doc. No. 5.) If this defendant was served, which is not apparent from this record, Miller has abandoned any opportunity to seek default, having already failed to pursue that route in any timely fashion. Therefore, this defendant is dismissed.

[2] The motion to dismiss was filed on October 10, 2017. No opposition was filed within the thirty (30) days set by LR 7.1(d). As a precaution, in light of Miller's address change notice filed on December 4, 2017, rather than either dismissing the case for failure to prosecute or granting the motion to dismiss as unopposed, on December 7, 2017, the Court issued an order directing Miller to file any opposition to the motion by December 18, 2017. (*See* Non-document Order, 12/7/2017.) On December 15, 2017, Miller moved for an extension of time, which was granted on December 19, 2017. Miller subsequently filed his opposition brief on January 19, 2018.

"reply" (Doc. No. 16), which is stricken from the record for having been filed out of rule and without leave.[3] For the reasons set forth herein, the motion to dismiss (Doc. No. 10) is granted.

## I. BACKGROUND

On July 7, 2017, Miller filed his complaint alleging that, as a former employee of UHHS, he was subjected to unlawful discrimination in violation of:

1. Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).[4]

2. Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

3. Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

4. The Lilly Ledbetter Fair Pay Act of 2009, Title I of the (ADA) and the (USERRA).[5]

(Doc. No. 1, Complaint ["Compl."] at 4 (II), 9 (¶¶ 1-4).[6])

According to Miller's complaint, he worked for UHHS since March 18, 1991, and was the Diversity Program Coordinator since 2011. (*Id.* ¶ 1 at 10.) He alleges that discriminatory acts against him occurred in "2010, 2011, 2012, 2013, 2014, 2015." (*Id.* at 5 (III B).) He alleges he was

---

[3] LR 7.1 allows for a motion with a memorandum in support (LR 7.1(c)), a memorandum in opposition (LR 7.1(d)), and a reply memorandum (LR 7.1(e)). There is no provision for additional briefing. The fact that Miller is proceeding pro se does not mean he is entitled to disregard rules of procedure, nor does his creative captioning of his opposition as a "motion" provide leave to file an additional reply. "[T]he lenient treatment generally accorded to pro se litigants has limits[,]" *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted), and "pro se parties must follow the same rules of procedure that govern other litigants." *August v. Caruso*, No. 12-13775, 2015 WL 1299888, at *6 (E.D. Mich. Mar. 23, 2015) (citations omitted).

[4] The Court finds no indication in Miller's complaint as to his race, color, religion, or national origin. Presumably, one can assume Miller's gender to be male, judging from his name.

[5] USERRA stands for the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq*. It is unclear why Miller has lumped USERRA with the Lilly Ledbetter Fair Pay Act. To the extent it was meant to be a separate claim, it will be considered separately herein.

[6] All page number references are to the page identification number generated by the Court's electronic docketing system. Where possible, paragraph and/or section numbers are also included.

demoted on May 1, 2014, to the position of Administrative Assistant to Heidi Gartland, who worked in Governmental Affairs. (*Id.*) He describes himself as "a Marine veteran with a disability" (although he does not identify the nature of the disability), and claims to have "repeatedly complained to management about the inequalities about hiring, promotions, discipline, and wages[.]" (*Id.*) As outlined in defendants' motion, Miller's complaint further alleges that:

    (1)    He received a lower performance rating in 2013 due to his role in passing Medicaid expansion (Compl. ¶ 2 at 10);

    (2)    Defendant Heidi Gartland (either personally or through other employees) attempted to "make [Plaintiff] be silent" at Medicaid events (*Id.*);

    (3)    In particular, at the final news conference at the Cleveland Clinic, Gartland told Governor John Kasich, who was speaking to Miller, that Miller could be contacted through her office (*Id.*);

    (4)    In July 2014, Miller was disrespected in front of others by an "African-American female" (*Id*);

    (5)    Miller complained about the disrespect to defendant Steve Standley (a white male), but nothing happened in response to his complaint (*Id.*);

    (6)    Starting in August 2014, Miller applied for several positions at UHHS, but was not hired for any of them (*Id.* ¶ 3 at 11);

    (7)    Miller was paid less than comparable female employees (*Id.*);

    (8)    Miller was subjected to a hostile work environment by defendant Gartland (*Id.*);

    (9)    Defendant Gartland denied Miller's reasonable accommodation request (*Id.*); and,

    (10)    Miller was constructively discharged from his employment at UHHS on May 1, 2015 (*Id.*).

(Mot. at 60.)

## II. DISCUSSION

**A.     Standard on a Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

**B.     Analysis**

The Individual Defendants argue that they should be dismissed because no one of them is an "employer" within the meaning of any of the statutes purportedly underlying Miller's claims. UHHS asserts that the complaint states no claim against any defendant under USERRA.

Despite the simplicity of these two arguments, Miller makes no effort to refute them, instead devoting his opposition brief to improper attempts to insert new facts, new defendants, and new claims. In fact, the opposition appears to be little more than an exercise in cutting and pasting unrelated excerpts from mostly unidentified sources, without any indication as to the possible relevance of any of these excerpts. As already noted, although pro se litigants are treated with leeway, they "must still make some effort at argumentation or presentation of facts[,]" or suffer waiver. *Weatherby v. Fed. Express*, 454 F. App'x 480, 490 (6th Cir. 2012).

*1.     Individual Defendants*

As a threshold matter, the complaint fails to assert any allegations or claims against defendants Heather Harmon, Debbie Rogers, Diane Miller, and/or Deborah L. Templin, other than simply listing them as defendants. Therefore, these four individuals are entitled to dismissal from the case, and the same will be ordered.

In addition, claims under *all* of the discrimination statutes relied upon by Miller can only be brought against an "employer." Not a single individual defendant qualifies as an "employer" and, therefore, cannot be held individually liable. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404-06 and n.6 (6th Cir. 1997) ("an employee/supervisor, who does not otherwise qualify as an 'employer,' cannot be held individually liable under Title VII and similar statutory schemes[]") (citing cases).

5

All of the named individual defendants are entitled to dismissal from the case, and the same will be ordered.

### 2. *USERRA Claim*

With respect to the claim for violation of USERRA, although that act should be "broadly construed in favor of its military beneficiaries[,]" *Petty v. Metro. Gov't of Nashville-Davidson Cty.*, 538 F.3d 431, 439 (6th Cir. 2008), broad construction does not extend to invention of allegations.

Here, Miller's complaint makes two passing references to his military service. The first is his simple statement that he is a "Marine veteran." (Compl. ¶ 1 at 10.) The second is his assertion that defendant Gartland "consistently harassed and ethically [sic] intimidated [Miller], us[ing] her power and position . . . to humble a Marine!" (*Id.* ¶ 5 at 11.) These factual allegations, taken as true for purposes of the motion, are insufficient to support a USERRA claim.

The mere fact that a person was once in the military does not thereafter insulate that person from every adverse employment action. USERRA is intended to protect persons from discrimination because of the responsibilities placed on them by their military service. *See Curby v. Archon*, 216 F.3d 549, 557 (6th Cir. 2000) (plaintiff must show "that his protected status was a motivating factor in the adverse employment action") (citation omitted). Meeting this initial burden begins with *alleging* the improper motivation, which Miller has failed to do. In addition, discriminatory motivation cannot even be inferred from Miller's two passing references to being a Marine, which are not linked in any way to his allegations of adverse employment actions.

Defendants are entitled to dismissal of any USERRA claim(s) and the same shall be ordered.

## III. CONCLUSION

For the reasons set forth herein, defendants' motion to dismiss (Doc. No. 10) is granted. All individual defendants are dismissed from the case. Any claims brought under USERRA are also dismissed. The case will proceed solely against UHHS and only on claims of discrimination under Title VII, ADEA, ADA, and the Ledbetter Act.[7]

**IT IS SO ORDERED**.

Dated: June 11, 2018

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[7] As UHHS did not move to dismiss any claim under these acts, the Court expresses no opinion as to the merits, or lack thereof, of such claims, other than to note that the complaint is extremely inartfully pleaded, making future analysis of the remaining claims quite difficult.