**University Hospitals**

January 14, 2015

*Via Hand Delivery*

Mr. Frank Miller Jr.
3770 Covington Rd
South Euclid, OH 44121

Dear Frank,

This letter constitutes the Separation Agreement (the "Agreement") between you and the University Hospitals ("UH") and all of its related and/or affiliated entities, subsidiaries, parents, partners, officers, directors, trustees, agents and employees (along with UH, collectively referred to herein as "UH Entities" or "UH Entity").

1. <u>Position Elimination</u>. University Hospitals is hereby eliminating your position as Administrative Assistant in the UHHS Minority Recr -Douglas Satcher organization effective as of February 1, 2015 (the "Termination Date").

2. <u>Salary</u>. UH will continue to pay you your current regular hourly wage (the "Base Wage") through the Termination Date in accordance with normal UH payroll procedures.

3. <u>Salary Supplement</u>. In consideration for your execution of this Agreement and your compliance with its terms, UH agrees to pay you a total of sixteen (16) weeks of salary at your current rate of pay. Such consideration will be paid in a lump sum payment minus applicable taxes at the end of the notification period.

4. <u>Additional Support</u>. In consideration for your execution of this Agreement and your compliance with its terms, you will be eligible to participate in a Career Transition Services program through CareerCurve. You will be eligible for services as described in your packet. This service will be fully paid by University Hospitals. This service will be available to you once you have fully executed this agreement and any required revocation period has passed. University Hospitals will also provide you with a letter of reference.

5. <u>Benefits</u>.

    a) Your benefit coverage termination dates are determined by the rules within each applicable plan document or policy. An overview of coverage end dates and


EXHIBIT 12

UH-MILLER 1059

applicable COBRA information is provided in your separation packet. You will be eligible for COBRA benefits as of March 1, 2015.

b) UH will pay you for unused PTO, vacation banks and STD supplement banks, as applicable, in accordance with and subject to all applicable UH policies and procedures.

6. Retirement/Pension funds. Any funds you may have in one or more of the UH Entities' deferred compensation, retirement or pension funds will be subject to the terms of those plans.

7. Return of property: No later than the Termination Date, you are to return all property of UH and any UH Entity to Heidi Gartland (or designee). This includes, but is not limited to, keys of any nature (e.g., to buildings, file systems, computers) and identification badges; documents of any nature, whether original or copies, hardcopy or electronic; computers; software and hardware; CDs, CD-ROMs, disks and any other storage media for electronic information.

8. Non-Disparagement. You will not disparage UH or any affiliate or subsidiary of UH (collectively, a "UH Entity") or the patients, physicians, directors, officers, employees, representatives or agents of UH and/or any UH Entity. UH also agrees for itself and each UH Entity that neither UH nor any UH Entity will disparage you; provided, however, you understand and agree that UH cannot control and is not responsible or liable for any comments, gestures, writings, or other communications (collectively, "Comments") made by any person, including any employee of UH, in an individual or personal capacity (even if such Comments occur on the premises of UH or any UH Entity) and you agree to hold UH and all UH Entities harmless in the event of any such Comments made by any person (including any employee of UH) in an individual or personal capacity regardless of the location where the Comment was made, disclosed or disseminated, and further regardless of the form, format or media of the Comment.

9. Confidentiality. You agree that, during the term of your employment you were provided access to confidential information of UH and/or UH Entities, including without limitation clinical quality data, financial information, business practices, long-term and strategic plans, patient lists and information, demographic and marketing information, employee information, employee health information, disciplinary proceedings, physician/hospital relationship and hospital/hospital relationship information, medical staff proceedings, clinical council reports and meeting minutes of various committees and/or boards which information is not generally available from third parties or otherwise a matter of public knowledge in the industry (collectively "Confidential Information'). You shall not at any time during the term of this Agreement or thereafter, for any reason whatsoever, with or without cause, directly or indirectly, use for any purpose or disclose or distribute to any person,

corporation, partnership, or other entity any Confidential Information. By signing this Agreement you represent that you have returned any materials in your possession and agree that you will not copy any Confidential Information, directly or indirectly, in any fashion (*e.g.,* by computer copy, CD, disk, cassette or other method). If you violate this Section, UH and/or any UH Entity is entitled to pursue all remedies in law or in equity, including a temporary or permanent restraining order; you agree that this is a material term of this Agreement and that any violation will cause UH (and any applicable UH Entity) irreparable harm. Further, any wage payments and/or benefits will cease as of the date of the violation. If you receive a subpoena or document request of any nature, you are to provide a notice and a copy to UH' Chief Legal Officer immediately via facsimile or overnight mail.

10. Release. You agree for yourself, your heirs, executors, administrators, successors and assigns, to release and discharge forever UH, UH Entities and all of their affiliates, subsidiaries and insurers, and their respective officers, directors, trustees, shareholders, employees successors, assigns, and agents from any and all claims, charges, demands, causes of action, losses and expenses of every nature whatsoever (with the exception of filings with administrative agencies or participation in administrative agency proceedings), whether known or unknown, arising on or before the Termination Date, including but not limited to, all claims, rights, demands, losses, expenses and causes of action of any kind arising out of or in connection with your employment by UH and/or any UH Entity or the termination from them. This release includes, but is not limited to, any claims of breach of contract (express or implied), wrongful discharge, workers compensation claims, claims of discrimination or retaliation of any type, intentional infliction of emotional distress, defamation, or other tort, or violation of any federal, state or municipal law, statute or ordinance relating to discrimination in employment or unfair employment practices, including but not limited to the Ohio Civil Rights Act (O.R.C. Chapter 4112); the Age Discrimination In Employment Act (29 U.S.C. §§621 et seq.) ("ADEA"), Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§2000e et seq.) ("Title VII"), and the Americans with Disabilities Act (42 U.S.C. §§12101 et seq.) ("ADA").

UH, for itself, the UH Entities their officers, directors, trustees, and their successors and assigns, agree to release and discharge you from any and all claims, charges, demands, causes of action, losses and expenses of every nature whatsoever, whether known or unknown, arising on or before the Termination Date, including but not limited to, all claims, rights, demands, losses, expenses and causes of action of any kind arising out of or in connection with your employment by UH and/or any UH Entity; this release includes, but is not limited to, any claims of breach of contract (express or implied), wrongful discharge, workers compensation claims, claims of discrimination or retaliation of any type, intentional infliction of emotional distress, defamation, or other tort, or violation of any federal, state or municipal law, statute or ordinance relating to discrimination in employment or unfair employment practices, including but not limited to the Ohio Civil Rights Act (O.R.C. Chapter 4112); the Age Discrimination In Employment Act (29 U.S.C. §§ 621 et seq.) ("ADEA"), Title VII of

the Civil Rights Act of 1964 (42 U.S.C. §§2000e et seq.) ("Title VII"), and the Americans with Disabilities Act (42 U.S.C. §§12101 et seq.) ("ADA").

11. <u>Consultation with an Attorney.</u> UH advises you to consult with an attorney before you sign this Agreement. By signing this Agreement, you agree that you have had the right and an adequate opportunity to discuss this Agreement with your attorney before you signed the Agreement, that you understand all of the provisions of this Agreement, and that you are voluntarily signing it.

12. <u>Time Periods.</u> You acknowledge that you may consider this Agreement for up to twenty-one (21) days from the date you received it. You may revoke this Agreement during the seven (7) days after you have signed it, by communicating your decision to revoke in writing to me. This Agreement will not become effective or enforceable until that seven (7) day period has expired. In the absence of revocation, the eighth (8th) day following your execution of the Agreement will be its effective date (the "Effective Date").

13. <u>Cooperation.</u> You agree that both during and after the Support Period you will cooperate fully with UH and any UH Entity in connection with any pending or threatened legal proceedings (including, but not limited to, litigation, administrative or court proceedings, or arbitration) and/or government investigations in which UH or any UH Entity is a party or to which UH or any UH Entity is otherwise subject, regarding any matter relating to your current or past duties or responsibilities for or on behalf of any UH Entity. This cooperation includes, but is not limited to, providing information to UH, the UH Entities and their counsel, meeting with their counsel, preparing for and appearing at depositions, trials, and hearings, and otherwise assisting and cooperating fully in its prosecution or defense of any such proceedings or in handling any investigation. UH and you will work together in good faith to minimize unnecessary conflicts with your then present scheduling commitments in order for you to comply with this Section 12.

14. <u>Notices</u>. Any notices under this Agreement are to be in writing and are to be sent (a) by hand delivery; (b) certified or registered mail, return receipt requested; or, (c) overnight mail, signature required. Notice is effective the day of delivery. Notices are to be addressed:

   If to you:

   Mr. Frank Miller Jr.
   3770 Covington Rd
   South Euclid, OH 44121

   Notices of change of address shall be effective only upon receipt.

Separation Agreement.doc

UH-MILLER 1062

If to UH:

University Hospitals
Attn: Chief Legal Officer
3605 Warrensville Center Rd.
Shaker Heights, OH 44122

15. <u>Voluntary and Knowing Assent</u>: By signing this Agreement, you agree that you understand all of the provisions of this Agreement, and that you are voluntarily signing it.

16. <u>Applicable Law</u>: This Agreement is governed by the law of the State of Ohio unless federal law preempts the claim. Any action relating to this Agreement must be brought, if at all, in a court in Cleveland, Ohio.

17. <u>Entire Agreement</u>: This Agreement sets out the entire agreement of the parties. No prior representations, whether in writing, oral or other format, are part of this Agreement. This Agreement was negotiated between the parties and represents the terms that they together negotiated and drafted to reflect their mutual understanding.

If you agree completely to the terms and conditions listed above, please so indicate by signing and returning the enclosed duplicate original of this Agreement to me.

Sincerely yours,

For University Hospitals and UH Entities

By: _____
Heather M. Harmon, Vice President, Human Resources

ACCEPTED:

_____
Frank Miller Jr.

Dated: _____